UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARVEY SWEET SHOP AND
SEAFOOD, LLC

VERSUS

WESTERN WORLD INSURANCE
COMPANY

CIVIL ACTION

NO. 21-531

SECTION M (1)

**ORDER & REASONS**

Before the Court are two motions for partial summary judgment filed by defendant Western World Insurance Company ("Western World").[1] Plaintiff Harvey Sweet Shop and Seafood, LLC ("Harvey Sweet Shop") responds in opposition,[2] and Western World replies in further support of its motions.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting Western World's motions and dismissing with prejudice Harvey Sweet Shop's claims related to building damage and theft.

**I.   BACKGROUND**

This case concerns an insurance coverage dispute. Harvey Sweet Shop alleges that on April 9, 2019, a tree from an adjacent lot fell onto a building that housed its commercial establishment, destroying part of the roof.[4] Thereafter, the building was not secured, and on May 19, 2019, Harvey Sweet Shop suffered additional loses due to theft.[5]

---

[1] R. Docs. 7 & 10.
[2] R. Docs. 17 & 18.
[3] R. Docs. 25 & 28.
[4] R. Doc. 1-1 at 3.
[5] *Id.*

Harvey Sweet Shop alleges that, at the time of the losses, it had a Western World insurance policy in full force and effect covering the building and theft losses.[6] Harvey Sweet Shop submitted claims for the losses.[7] On August 21, 2019, Harvey Sweet Shop made a demand on Western World for payment of the claims.[8] Western World then conducted two examinations under oath of Bobby Wilkerson, Harvey Sweet Shop's owner.[9] On May 19, 2020, Harvey Sweet Shop provided to Western World an estimate of damages totaling $204,503.83, representing $189,502.38 in building damages and $15,001.45 in business personal property losses.[10] Western World unconditionally tendered to Harvey Sweet Shop $6,750.00, consisting of $1,750.00 for stolen tools, compressor, and alcohol, plus $5,000.00 for wind and water damage.[11]

On February 9, 2021, Harvey Sweet Shop filed this action in state court alleging claims for breach of contract and bad faith penalties.[12] Western World timely removed the suit to this Court based on diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[13]

## II.   PENDING MOTION

Western World argues that it is entitled to summary judgment on Harvey Sweet Shop's breach of contract and bad faith claims stemming from building damage caused by the fallen tree and the theft.[14] As to the fallen tree claim, Western World contends that the policy covers only personal property losses, and not damage to the building.[15] Western World submits that the policy documents show that Harvey Sweet Shop never paid for building coverage.[16] With respect to the

---

[6] *Id.* at 4.
[7] *Id.* at 5.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 4-5.
[12] *Id.* at 3-8.
[13] R. Doc. 1 at 1-2.
[14] R. Docs. 7 & 10.
[15] R. Doc. 7-3.
[16] *Id.* at 2-4.

2

theft, Western World argues that the claim is not covered because Harvey Sweet Shop failed to install a burglar alarm which was required by the policy as a condition precedent to coverage.[17]

In opposition, Harvey Sweet Shop argues that the motions should be denied because Western World did not properly adjust the losses and failed to provide an adequate unconditional tender.[18] Harvey Sweet Shop also argues that it would have been pointless to have a burglar alarm when the tree caused the hole in the roof through which the thieves entered the property.[19]

### III.   LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

---

[17] R. Doc. 10-2.
[18] R. Doc. 17.
[19] R. Doc. 18.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue,

4

the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Insurance Policy Interpretation

The parties agree that Louisiana law governs the interpretation of the insurance policy. Under Louisiana law, an insurance policy, like any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Contracts are interpreted to determine "the common intent of the parties." *Id.* (citing La. Civ. Code art. 2045). "Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citing La. Civ. Code art. 2047). An insurance policy "should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion." *Id.* A court cannot exercise "inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent." *Id.* Thus, clear and unambiguous policy wording that expresses the parties' intent is enforced as written. *Id.*

On the other hand, ambiguous provisions and "equivocal provisions seeking to narrow an insurer's obligation" are strictly construed against the insurer and in favor of coverage. *Id.* However, the strict construction principle applies only if the ambiguous policy provision is susceptible of more than one reasonable interpretation. *Id.* "The determination of whether a

contract is clear or ambiguous is a question of law." *Id.* While the insured has the burden of proving that the circumstances constitute a covered claim, the insurer has the burden of proving that any exclusions apply. *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000).

Here, Harvey Sweet Shop's claims for the building damage and the theft are not covered under the policy. The policy clearly indicates that it covers "business personal property" only, but not the building.[20] Indeed, Harvey Sweet Shop concedes this point in its response to Western World's statement of uncontested facts.[21] Thus, Western World is entitled to summary judgment dismissing Harvey Sweet Shop's building damage claim and its associated bad faith claim.

Moreover, the policy's "burglary and robbery protective safeguards" endorsement clearly states that coverage for theft is conditioned upon Harvey Sweet Shop obtaining and maintaining a burglar alarm that is monitored by an outside central station or the police station, and that Western World will not pay for any theft if Harvey Sweet Shop knowingly failed to maintain the required burglar alarm.[22] Harvey Sweet Shop does not dispute that it failed to abide by this condition, and instead argues that the alarm would have been pointless considering that the hole in the roof caused by the fallen tree was the entry point for the thieves. The Court need not resolve whether the burglar alarm would have been effective in stopping the theft at issue because the parties themselves agreed, as a matter of contract, that having such an alarm was a condition precedent to coverage under the policy, presumably for the protections it afforded.[23] It is undisputed that Harvey Sweet Shop failed to meet the required coverage condition of having a monitored burglar

---

[20] R. Doc. 7-4.
[21] R. Doc. 17-7 at 2.
[22] R. Doc. 7-4 at 78.
[23] Western World contends that even after the tree damage, an alarm could still have provided protection to the property, especially if Harvey Sweet Shop would have taken steps to secure the building or its personal property. R. Doc. 28 at 3-5.

alarm. Thus, Western World is entitled to summary judgment dismissing Harvey Sweet Shop's theft-related claim and the associated bad faith claim.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Western World's motions for summary judgment (R. Docs. 7 &10) are GRANTED, and Harvey Sweet Shop's coverage claims for building damage and theft, as well as its associated bad faith claims, are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 6th day of August, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE